IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re CV THERAPEUTICS  
SECURITIES LITIGATION  
_____/

No. C 03-03709 SI

**ORDER RE: DISCOVERY**

By letter briefs,[1] the parties seek resolution of a dispute regarding the disclosure of documents to plaintiff's experts under the protocol set out in the February 7, 2005 Protective Order. The Protective Order, which is identical to the Northern District's form order, provides for two tiers of protection for confidential information: (1) confidential and (2) highly confidential "attorneys' eyes only." Plaintiff seeks to disclose documents designated "highly confidential" and "confidential" to expert witnesses Dr. Atul Laddu, Dr. Paul Ludmer, Mr. George M. Burditt, and Mr. Richard O. Wood. Plaintiff also seeks to modify the procedures for disclosure of documents to experts and the definition of "expert" in the Protective Order to include former employees. Defendants argue that plaintiff has not complied with the Protective Order and that modifying the definition of "expert" would harm their interests in protecting confidential information.

**1.  Disclosure of "confidential" documents**

Plaintiff asserts that the Protective Order permits him to disclose "confidential" documents to various experts without a showing of why the disclosure is reasonably necessary. See Pl.'s April 14, 2005 Laddu Br. at 4; Pl.'s April 14, 2005 Ludmer Br. at 4; Pl.'s April 21, 2005 Burditt and Wood Br. at 3. Plaintiff contends that, unlike the procedure for disclosure of highly confidential documents delineated in ¶7.4 of the Protective

---

[1] Pl.'s Br. Re: Laddu, dated April 14, 2005; Defs.' Opp'n Br., dated April 21, 2005. Pl.'s Br. Re: Ludmer, dated April 14, 2005; Defs.' Opp'n Br., dated April 21, 2005. Pl.'s Br. Re: Burditt and Wood, dated April 21, 2005; Defs.' Opp'n Br., dated April 28, 2005.

Order, the provision for disclosing confidential documents in ¶7.2(c) does not require plaintiff to consult with defendants prior to disclosing confidential documents. Defendants do not dispute this interpretation of the Protective Order, and thus the parties appear to be in agreement. Accordingly, the Court does not rule on this issue.

**2.     Disclosure of "highly confidential" documents**

Plaintiff requests an order permitting disclosure of "highly confidential" documents to four expert consultants. Plaintiff asserts that he has complied with the procedures for approving disclosure of highly confidential information to experts required by ¶7.4 of the Protective Order. Defendants contend that plaintiff has not complied with ¶7.4 procedures in two respects.

First, defendant argues that plaintiff has not provided the details of Dr. Ladmer's involvement in litigation required by ¶7.4(a)(6). To the extent that plaintiff has still not furnished the number of each case, filing date, and location of the court for any litigation in which Dr. Ladmer was involved previously, the Court agrees with defendants and ORDERS that plaintiff comply with this request.

Second, defendants assert that plaintiff has not complied with the requirement of ¶7.4(1) that he identify the "specific HIGHLY CONFIDENTIAL information" that plaintiff seeks to disclose to these four experts. Plaintiff refuses to "pinpoint[] the exact documents" he plans to show his experts. Pl.'s Laddu Brief at 4. Rather, plaintiff has offered to identify categories of documents he seeks to disclose. Defendants argue that these broad categories, such as "FDA communications," could include thousands of pages of information and would prevent defendants from responding to plaintiff's requests in a way that will protect their confidential information. Defs.' Ludmer Br. at 3.

According to plaintiff, identifying specific documents would inappropriately reveal attorney work-product and litigation strategy. Pl.'s Ludmer Br. at 3. Plaintiff made this same argument in opposing defendants' motion for a Protective Order. Pl.'s Oct. 29, 2004 Opp'n at 17. At that time, the Court found that defendants' interests in protecting their confidential information outweighed any protections afforded by the work-product doctrine, and it is still persuaded that this balance is the appropriate one. Moreover, it is not clear that work product protection even applies. "The work product doctrine, codified in Federal Rule of Civil

Procedure 26(b)(3), protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" United States v. Torf (In re Grand Jury Subpoena), 350 F.3d 1010, 1015 (9th Cir. 2003) (quoting Admiral Ins. Co. v. United States District Court, 881 F.2d 1486, 1494 (9th Cir. 1989)). Here, plaintiff claims work-product protection for information possibly revealed by disclosing which specific documents his experts will view in formulating their opinions. This information is not "documents or tangible things" sought by defendants through affirmative discovery efforts, and it is difficult to see how the work product doctrine could govern. In addition, allowing plaintiff to identify only broad categories would eviscerate the protections in the Protective Order, which contemplate the identification of the specific documents plaintiff seeks to disclose.

Therefore, the Court ORDERS that plaintiff comply with the procedures of the Protective Order and specify the highly confidential documents it wishes to disclose to its to experts.

### 3. Modifications to Protective Order

Plaintiff seeks two modifications to the February 7, 2005 Protective Order. First, plaintiff requests that the Court modify the procedures in ¶7.4 for approving disclosure of highly confidential information to experts. To modify a protective order, a party must show good cause by "demonstrating how the protective order will prejudice the party's case." IntelCorp. v. VIA Techs., Inc., 198 F.R.D. 525, 528 (N.D. Cal. 2000). Plaintiff has not presented any evidence of circumstances that would justify modifying these protections. Therefore, the Court DENIES plaintiff's request to modify these procedures of the Protective Order.

Plaintiff also requests modification of the definition of "expert" in the Protective Order to permit former employees to act as expert consultants. Plaintiff argues that disclosure of confidential and highly confidential information to Dr. Laddu, a former employee of defendant CV Therapeutics, Inc., does not pose a risk of harm to defendants. Defendants assert that disclosure of confidential information to Dr. Laddu poses significant risks of harm.[2] The Court finds that the exclusion of former employees is not overly restrictive in this case. Plaintiff

---

[2] Defendants also argue that Dr. Laddu is bound by a Nondisclosure Agreement ("NDA"), which he entered into with defendant CV Therapeutics, Inc. and which prevents him from testifying as an expert in this case. Defs.' April 21, 2005 Laddu Brief at 2-3. The NDA has no bearing on the terms of the Protective Order or their modification. Therefore, the effect of the NDA on Laddu's expert status is not before the Court.

3

has not shown that Dr. Laddu is the only expert qualified to review the confidential documents or that the Protective Order prejudices plaintiff's case by preventing him from consulting experts altogether. Indeed, the Protective Order excludes former employees to avoid precisely this kind of dispute over whether a former employee like Dr. Laddu would place defendants' confidential information at risk.

Therefore, the Court DENIES plaintiff's request to modify the Protective Order.

**IT IS SO ORDERED.**

Dated: August 9, 2005

SUSAN ILLSTON
United States District Judge