IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CV THERAPEUTICS SECURITIES LITIGATION | No. C 03-03709 SI<br>**ORDER RE: DISCOVERY** |

By letter briefs,[1] the parties seek resolution of two discovery disputes: (1) whether an inadvertently produced, attorney-client privileged document is discoverable under the crime-fraud exception; and (2) whether communications Confidential Witness 1 ("CW1") had with plaintiffs' counsel before there was an attorney-client relationship between them are protected by the work product doctrine. Having carefully reviewed the papers submitted, the Court hereby GRANTS defendants' motion for a protective order for the inadvertently produced document and DENIES plaintiffs' motion for further discovery based on the crime-fraud exception; and PARTIALLY GRANTS and PARTIALLY DENIES defendants' motion to compel testimony by CW1.

**1.     Privileged document**

Defendants seek a protective order directing plaintiffs to return the disputed attorney-client document, and delete or destroy all copies of the document and any notes plaintiffs may have created regarding the

---

[1]Defendants' letter brief regarding Inadvertent Production of Privileged Document dated March 1, 2005; plaintiffs' response letter dated March 8, 2005; defendants' reply dated March 15, 2005. Defendants' Letter Brief Regarding CW1 Deposition dated February 15, 2005; plaintiffs' response letter brief dated February 22, 2005.

substance of the document.[2] Plaintiffs argue that the substance of the document is discoverable because the crime-fraud exception applies, and request that the Court conduct an in camera review of all documents to or from the author, Ms. Suvari, "regarding CVT's implementation or execution of any document retention policy, practice, and procedure, as well as the preservation, production, or collection of documents in this case," or "discus[sing] the alteration, modification, or editing of documents . . . which defendants claim attorney-client and/or work product privilege." Plaintiffs also seek to depose CVT employees Suvari and Karp, as well as defendants Lange and Spiegelman, on these issues.

A two-pronged test must be met in order for the crime-fraud exception to apply. First, there must be a prima facie showing (a) that the client was engaged in criminal or fraudulent conduct when the client sought the advice of counsel, (b) that the client was planning such conduct when he or she sought the advice of counsel, or (c) that the client committed a crime or fraud subsequent to receiving the benefit of counsel's advice. In re Grand Jury Investigation (Schroeder), 842 F.2d 1223, 1226 (11th Cir. 1987). Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity, or was closely related to it. Id. The first prong of the test is temporal in nature, while the second prong requires some type of specific intent. The burden of proof is on the party seeking to defeat the privilege: the party must first make a prima facie showing that a sufficiently serious crime or fraud occurred; then, it must establish some relationship between the communication at issue and the prima facie violation. U.S. v. Chen, 99 F.3d 1495, 1503 (9th Cir. 1996).

The document in dispute is an e-mail drafted by Tricia Suvari, a CVT executive ("Suvari e-mail"). Suvari sent the e-mail to attorneys Alan Mendelson and Jay Pomerantz of Latham & Watkins and copied the e-mail to defendants Louis G. Lange and Daniel K. Spiegelman. The e-mail was sent on November 26, 2003, approximately three months after the complaint was filed.

Plaintiffs argue that the e-mail reflects an intent to perpetrate the crime of altering or destroying evidence. Because the e-mail was written after litigation had commenced, the duty to preserve evidence had

---

[2]Defendants have also sought clarification in their March 15, 2005 response as to whether they must produce the privileged document under seal pursuant to this Court's March 10, 2005 order. Because the document has already been produced for in camera review, defendants are not required to file the document under seal.

been triggered. However, plaintiffs' argument that the e-mail is discoverable under the crime-fraud exception fails to satisfy either prong of the test.

Plaintiffs suggest that Suvari intended to ask the head of CVT's regulatory affairs department to approach the FDA to alter language in FDA meeting minutes. However, nowhere in the e-mail is there any suggestion by Suvari that evidence be destroyed or changed. As plaintiffs concede, the FDA would have to decide to change its own meeting minutes, and Suvari actually expressed doubt about asking the FDA to do so. Pls.' Letter Br. at 4. Plaintiffs have failed to meet their burden to show that Suvari was engaged in altering or destroying evidence, or was planning to do so.

For a privileged attorney-client communication to fall under the crime-fraud exception, the client must also be actively seeking the advice of counsel in the plan. Plaintiffs suggest that Suvari requested her attorneys' advice by addressing the e-mail to counsel. The Suvari e-mail does not reflect this intent. Suvari does not ask for the attorneys' advice; the e-mail is simply a general summary of items to discuss with counsel. The Court finds that there is no reasonable cause to believe that the attorneys' services were utilized in furtherance of a crime or fraud.

Accordingly, the Suvari e-mail remains a privileged attorney-client communication. The Court GRANTS defendants' motion for a protective order and ORDERS plaintiffs immediately to return the document to defendants and delete or destroy all copies of the document and any notes plaintiffs may have made pertaining to the document. Because the Court finds that the e-mail is still privileged, it DENIES plaintiffs' motion to review all communications to or from Suvari regarding document retention or alteration, and DENIES plaintiffs' motion to depose Suvari, Karp, Lange, and Spiegelman.[3]

**2.    CW1's deposition**

Defendants also ask the Court to order plaintiffs to produce CW1 to testify regarding communications with plaintiffs' counsel before they had an attorney-client relationship, and to grant defendants one more hour

---

[3]The parties additionally dispute the extent of e-mail production: plaintiffs argue that it is de minimis and inadequate, while defendants respond that document preservation measures were not implemented until after litigation began, thus explaining why fewer e-mails were produced early on. Because plaintiffs have not requested any specific relief regarding the e-mail production, the Court does not reach this issue.

3

to obtain the testimony, in addition to the hour defendants have reserved for the continuation of CW1's deposition. Plaintiffs argue that all questions regarding CW1's conversation with plaintiffs' attorneys are protected under the work product doctrine.

Federal Rule of Civil Procedure 26(b)(3) governs attorney work product and protects documents and tangible things otherwise discoverable,[4] prepared in anticipation of litigation or for trial, and by or for another party or by or for that other party's representative. Fed. R. Civ. P. 26(b)(3). The Supreme Court has held in Hickman v. Taylor, 329 U.S. 495 (1947), that oral statements of witnesses to counsel may also be protected under the work product doctrine if provided in anticipation of litigation. Id. at 512-513. However, facts contained within attorney work product are freely discoverable. See 6 Moore's Federal Practice § 26.70.

Here, defendants seek testimony regarding CW1's discussions with plaintiffs' attorneys. It is clear that any questions regarding facts that CW1 knew do not implicate the work product doctrine, because these facts are discoverable. Therefore, the only issue is whether the questions posed to CW1 by plaintiffs' counsel reveal the attorney's opinions and impressions, falling under the work product doctrine.

At the deposition, defendants' attorney Snow asked CW1: "Did [plaintiffs' counsel at the time] ask you for the names of any other individuals with whom you should speak?" Plaintiffs' Ex. A at 89. This question targets the specific questions asked by the attorneys, and is protected work product. However, Snow later asked CW1: "What did you tell these two women [from Milberg Weiss] on the phone?" Plaintiffs' Ex. A at 92. This question engages CW1 as a fact witness and is therefore permissible. Thus, CW1 may be further deposed regarding what he or she said in an interview, but may not be required to recite what the attorney said to the witness.

Accordingly, the Court PARTIALLY GRANTS and PARTIALLY DENIES defendants' motion to compel further testimony from CW1 in accordance with the guidelines described above. Defendants' request for one additional hour to obtain this testimony, in addition to the one hour already remaining, is DENIED as unnecessary.

---

[4] That CW1's statements are not protected by the attorney-client privilege is not disputed, as they were made in October or November of 2004 and CW1 was not represented by plaintiffs' counsel until approximately December 2004.

4

## CONCLUSION

The Court hereby GRANTS defendants' motion for protective order and ORDERS plaintiffs to immediately return the privileged document to defendants and delete or destroy all copies of the document and any notes plaintiffs may have created concerning the document. The Court hereby GRANTS defendants' motion to compel CW1 to testify regarding information communicated by CW1 to plaintiffs' counsel before an attorney-client relationship arose between them, and ORDERS plaintiffs to produce CW1 for the final hour of deposition.

**IT IS SO ORDERED.**

Dated: April 4, 2005

SUSAN ILLSTON
United States District Judge