UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CV THERAPEUTICS, INC. SECURITIES LITIGATION _____/ | No. C-03-3709 SI (EMC) **ORDER GRANTING PLAINTIFFS' MOTION FOR CLARIFICATION OR RECONSIDERATION** **(Docket No. 327)** |

Plaintiffs have filed a motion for clarification or consideration. Having reviewed the parties' briefs and accompanying submissions, and good cause appearing therefor, the Court hereby **GRANTS** Plaintiffs' motion. The Court further orders that Defendants produce the documents identified below as they are not privileged.

## I. DISCUSSION

On June 16, 2006, this Court issued an order regarding its *in camera* review of documents claimed as privileged by Defendants. In the order, the Court held that Defendants had established that the majority of documents were privileged. In discussing examples of privileged documents, the Court commented that "[d]ocuments created in the context of seeking FDA approval, an inherently legal process, present 'a circumstance virtually necessitating legal representation,' as the FDA approval process requires close supervision by legal counsel." Order of 6/6/06, at 7. The Court also compared the process of seeking FDA approval to the process of crafting a patent application before the PTO. *See id.* Plaintiffs seek clarification or reconsideration largely because of these statements.

1    As a preliminary matter, the Court takes note of Defendants' procedural objection to
2 Plaintiffs' motion. Defendants argue that, to the extent Plaintiffs' motion is one for reconsideration,
3 it is barred by Civil Local Rule 7-9. Civil Local Rule 7-9 governs motions for reconsideration and
4 indicates that a court can give leave to a party to file such a motion if there was a manifest failure by
5 the court to consider material facts or dispositive legal arguments which were presented to the court
6 prior to the issuance of its order. *See* Civ. L.R. 7-9(b)(3). The commentary for Civil Local Rule 7-9
7 states that the "rule does not apply to motions for reconsideration of a Magistrate Judge's order
8 pursuant to 28 U.S.C. § 636(b)(1)(A). *See* Civil L.R. 72." Civ. L.R. 7-9, commentary. This
9 commentary does not preclude a magistrate judge from reconsidering his or her order under Civil
10 Local Rule 7-9. Rather, given the citation to 28 U.S.C. § 636(b)(1)(A) and Civil Local Rule 72, it is
11 evident that the commentary means that a *district judge* who reconsiders a pretrial matter ruled upon
12 by a magistrate is not bound by Civil Local Rule 7-9. *See* 28 U.S.C. § 636(b)(1)(A) (providing that
13 "a judge may designate a magistrate to hear and determine any pretrial matter pending before the
14 court" and that "[a] judge of the court may *reconsider* any pretrial matter under this subparagraph
15 (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law")
16 (emphasis added); Civ. L.R. 72 (discussing objections to orders issued by magistrate judges).
17 Moreover, for reasons of judicial economy, it makes no sense from a policy perspective to bar
18 magistrate judges from reconsidering orders and forcing instead an objection to be heard and
19 adjudicated by the district judge. Accordingly, Plaintiffs' motion for reconsideration of this Court's
20 prior order is proper.
21    The Court has reviewed its prior order and re-reviewed the 300-plus documents that it
22 previously held were privileged. Having done so, the Court concludes that clarification of its order
23 is warranted and, moreover, that it did not fully consider dispositive legal arguments. Accordingly,
24 Plaintiffs' motion for clarification and reconsideration is granted.
25    In its prior order, the Court analyzed documents related to the FDA application process
26 which were sent to nonlegal personnel as well as counsel. The pivotal point of the order was its
27 conclusion that the inherent legal nature of that process together with the Suvari declaration
28 sufficiently established the attorney-client privilege under *In re Grand Jury Subpoena*, 357 F.3d 900

1  (9th Cir. 2004). More specifically, the legal nature of the FDA process and the declaration
2  established that inclusion of counsel on the recipient list of these documents fairly implied a request
3  for legal advice. *See* Order of 6/16/06 at p. 6. Although the Court gave examples of documents
4  where the importance of legal advice was evident, the Court did not apply with sufficient rigor the
5  standard for testing dual purpose documents which were disseminated simultaneously to legal and
6  nonlegal personnel for review and comment. In many of these documents, counsel is only one of a
7  large number of recipients, the rest being nonlegal personnel. In other documents, the number of
8  recipients is smaller but the recipients are comprised largely of the major business decisionmakers
9  (*e.g.*, board members and/or senior executives) and often counsel is only carbon copied.

10  As a preliminary matter, the Court takes note that, in its prior order, it cited the "because of"
11  standard laid out by the Ninth Circuit in *In re Grand Jury Subpoena*, 357 F.3d at 900, even though
12  that case dealt with the work product privilege and not the attorney-client privilege. Since *In re*
13  *Grand Jury Subpoena*, the Ninth Circuit has not commented on whether the "because of" standard
14  should be applied to the attorney-client privilege. At least one judge in this District has continued to
15  apply the "primary purpose" or "predominate purpose" standard. *See, e.g.*, *In re Napster, Inc. v.*
16  *Bertelsmann AG*, Nos. C MDL-00-1369 MHP, C 04-1351MHP, C 04-1671 MHP, C 04-2121 MHP,
17  2005 U.S. Dist. LEXIS 11497, at *19 n.1 (N.D. Cal. Apr. 12, 2005) ("[L]egal advice must
18  predominate for the communication to be protected.") (internal quotation marks omitted). While
19  "[t]he Court discerns no reason why and neither of the parties has advanced any reason why, for
20  purposes of determining the discoverability of documents that have both a legal purpose and a
21  nonlegal purpose (*e.g.*, business purpose), the methodology in *In re Grand Jury Subpoena* should
22  not be applied to the attorney-client privilege," *Visa U.S.A., Inc. v. First Data Corp.*, C-02-1786
23  JSW (EMC), 2004 U.S. Dist. LEXIS 17117, at *15-16 (N.D. Cal. Aug. 23, 2004), the result in the
24  instant case is the same under either standard.

25  Under the "because of" standard, the proponent of the privilege must prove that the
26  document was created because of the purpose of obtaining legal advice and that it "would not have
27  been created in substantially similar form but for" that purpose. *In re Grand Jury Subpoena*, 357
28  F.3d at 908; *see also Visa U.S.A., Inc.*, 2004 U.S. Dist. LEXIS 17117, at *27. Under the "primary

3

purpose" standard, the proponent of the privilege must show the documents were created for the primary purpose of obtaining legal advice, not business advice. *See North Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1127 (N.D. Cal. 2003).

In this regard, the Court finds *In re Buspirone Antitrust Litig.*, ("*Buspirone*") No. 1413, 2002 U.S. Dist. LEXIS 23463 (S.D.N.Y. Dec. 10, 2002), a case cited by both parties, highly persuasive. In *Buspirone*, the court addressed the same issue in the case at bar -- namely, whether documents submitted for simultaneous legal and nonlegal review were privileged. The court stated that a document sent for simultaneous review and comment by both attorneys and nonattorneys could not be privileged because "[w]here non-legal personnel are asked to provide a response to a matter raised in a document, it cannot be said that the 'primary' purpose of the document is to seek legal advice." *Buspirone*, 2002 U.S. Dist. LEXIS 23463, at *9. On the other hand, where the specific purpose of the document is to seek legal advice and the document is sent to nonlegal business staff "for the purpose of informing them that legal advice has been sought or obtained," the attorney-client privilege obtains even though the document was provided to nonlegal personnel. *See id.* at *10-12. The *Buspirone* court found that documents prepared specifically to provide patent counsel with information essential to their rendering legal advice were privileged. The privilege was not vitiated simply because copies were sent to approximately five to ten other corporate employees. The "specific purpose in giving these persons the documents was that they were the 'personnel responsible for making decisions on these projects' and he [the sender] wished to inform them that he had provided particular information to the attorney." *Id.* at *13. The sender made clear that these documents were not to provide "general status information" to these personnel as they received many other more detailed documents intended for that specific purpose. *See id.* at *13-14. The copies sent to non-legal personnel were ancillary to the specific purpose of obtaining legal advice. Importantly, the documents were not sent out to solicit responses or comments from nonlegal personnel, in contrast to many of the documents at issue in the instant case.

Guided by *Buspirone*, the Court concludes that Defendants have failed to meet their burden of establishing that the attorney-client privilege applies to those documents sent for simultaneous review and comment by *both* attorneys and nonattorneys. *See United States v. Martin*, 278 F.3d

1  988, 999-1000 (9th Cir. 2002) (stating that "[t]he burden is on the party asserting the privilege to
2  establish all the elements of the privilege"). These documents on their face seek comments from
3  nonattorneys (or in some instances reflect comments from nonattorneys). Moreover, the content of
4  and context of many of these documents make clear there was an obvious substantive need for
5  comments by nonattorneys -- *e.g.*, to obtain opinions on the scientific data.[1] Defendants did not, as
6  defendants did in *Buspirone*, submit particularized evidence establishing that the specific purpose of
7  any of the documents was to obtain advice only of counsel with copies sent to others only
8  secondarily. Nor have Defendants established that the predominate purpose was to obtain advice of
9  counsel as opposed to soliciting review and comment by nonattorneys. In short, Defendants failed
10 to establish that the "primary purpose" was to obtain legal advice. *See also* 1 Paul R. Rice,
11 Attorney-Client Privilege in the United States § 7:2, at 24 (1999 ed.) (noting that many courts fear
12 businesses will immunize internal communications from discovery by placing legal counsel in
13 strategic corporate positions and funnel documents through counsel). Of course, the actual
14 comments made by *attorneys* (as opposed to nonattorneys) would still be privileged.

15 The same result obtains under the "but for" test of *In re Grand Jury Subpoena*. Defendants
16 have failed to establish that many of the documents would not have been created in substantially the
17 same form were it not sent simultaneously to counsel. To the extent review and/or comment was
18 expected from nonlegal personnel, nothing suggests documents would not have been sent or would
19 have been sent in a materially different form had counsel not been included on the list of recipients.

20 The Court further concludes that Defendants have failed to meet their burden of establishing
21 that the attorney-client privilege applies to those documents sent to attorneys and nonattorneys for
22 simultaneous review, even if such documents did not expressly seek comment. These documents are
23 akin to the "general status information" documents distinguished by the court in *Buspirone*. While
24 defendants in *Buspirone* demonstrated that there were many other detailed documents sent to the

---

[1] In this regard, the Court notes that although there is an analogy between patent and FDA applications in that both are likely to require the advice and assistance of counsel, *see* Order of 6/16/06 at p. 7, that analogy is not perfect. Given the intensive scientific and medical data necessary to inform the FDA application process, it is reasonable to expect significant input from nonlegal personnel in the drafting and deliberative process. There is no basis for presuming the *primary* purpose in circulating FDA related documents here was to obtain legal advice absent some specific showing.

nonlegal personnel for the specific purpose of providing general status information, no such showing was made here. *See Buspirone*, 2002 U.S. Dist. LEXIS 23463, at *11. And in contrast to the documents at issue in *Buspirone*, the documents listed below do not appear to be directed particularly to counsel.

Accordingly, the Court hereby finds the following documents in addition to those previously identified in the Court's order of June 16, 2006 are not privileged and thus must be produced:

(1) Hard Copy Documents Nos. 50, 51, 52, 55, 71, 127, 137, 143, 145, 164, 186, 187, 199, 200, 201, 214, and 241.

(2) E-mail Documents Nos. 25, 37, 46, 49, 51, 56, 58, 63, 64, 67, 70, 71, 78, 81, 82, 83, 84, 85, 86, 87, 90, 91, 96, 99, 102, 103, 105, 106, 107, 108, 109, 111, 112, 113, 114, 115, 116, 117, 118, 119, 121, 122, 123, 124, 129, 134, 135, 137, 139, 140, 141, 145, 146, 147, 156, 165, 168, "182,"[2] 199, 201, 202, 203, 204, 205, 218, 219, 224, 225, 227, 228, 230, 232, 235, 236, 239, 242, 267, 268, 269, 270, and 280.

The documents shall be produced within two weeks of this order.

The Court notes that, on some of the above hard copy documents, there are handwritten notes, and it is not clear whether such notes were made by an attorney in his or her legal capacity. If so, such notes may be redacted. For both the hard copy and e-mail documents, there are some documents in which it is not clear whether attorney comments can be segregated from nonattorney comments.[3] Where attorney comments are segregable, they may be redacted so long as the comments made by the attorney in his or her legal capacity. If segregation is not possible, then such documents need not be produced. Finally, for the e-mail documents, the binders provided to the Court did not contain E-mail Documents Nos. 21 and 238. Defendants are directed to review these documents and, consistent with this order, determine whether they should be produced.

---

[2] In the binder provided to the Court, there are actually two different e-mails at Tab No. 182. The first e-mail is the e-mail described on Defendants' privilege log. That e-mail is privileged. The second e-mail (one authored by Sara Arzeno and dated November 10, 2004) was not identified on the privilege log; it should have been designated as a separate entry on the log. This second e-mail is not privileged.

[3] Of course, nonattorney comments might reflect attorney comments, in which case the privilege would apply.

As a final matter, the Court notes that Defendants' privilege log may not provide entirely accurate descriptions for the following documents: E-mail Documents Nos. 3, 4, 5, 8, 13, 30, 32, 33, 40, 41, 50, 57, 60, 126, 237, 259, 260, 262, 281, and 288. The log describes these documents as involving legal advice but, based on the Court's review, it appears that the documents involved the mere drafting of minutes, a task that would seem to be secretarial rather than legal in nature. Notably, Ms. Suvari is not only general counsel for CVT but also assistant corporate secretary, and Mr. Mendelson, though outside counsel, also appears to be secretary. Defendants are ordered to re-review these documents to determine whether they should be produced.

## II.  CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for clarification or reconsideration. While the Court adheres to its observations made in its order of June 16, 2006, that seeking legal advice from counsel can fairly be implied as to FDA related documents widely circulated even in the absence of an express request for legal comment, the proper application of *In re Grand Jury Subpoena* and *Buspirone* and closer review of the documents in question leads the Court to conclude Defendants have not proven the above documents meet the "because of" or "primary purpose" test. Defendants are ordered to produce the documents identified above by within two weeks of this order.

This order disposes of Docket No. 327.

IT IS SO ORDERED.

Dated: August 30, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge