IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

*In re* CV THERAPEUTICS, INC. SECURITIES LITIGATION,

No. C 03-3709 SI

**ORDER RE: DISCOVERY**

_____/

By letter briefs, the parties seek resolution of a dispute concerning a number of depositions plaintiffs have noticed or wish to take.[1] First, plaintiffs complain that defendants have been non-responsive regarding the scheduling of various noticed depositions. Plaintiffs request that the Court order the depositions to proceed on dates certain, and that the depositions occur prior to September 15, 2006, which is the deadline for the exchange of expert reports. Defendants' August 28, 2006 letter brief states that defendants have provided dates for all but three of the deponents. Although some of these dates are after September 15, 2006, the Court will not order depositions to proceed on dates when the witnesses are unavailable. If the parties wish to extend the date for the exchange of expert reports, they may do so by stipulation. Defendants shall provide dates for the remaining deponents no later than **September 7, 2006.** If the parties have further disputes regarding the scheduling of these depositions, the parties shall file letter briefs directly with Judge Chen.

Plaintiffs also request that four Rule 30(b)(6) depositions not be counted toward the 15 deposition limit because the witnesses were not knowledgeable about the subject matters of the depositions. The Court agrees in part. The Court concludes that the combined Sheehy and Haas depositions should not count toward the limit in light of the issues surrounding document production,

---

[1] The letters are found at Docket Nos. 388, 389, 393, 394, 398-400.

as discussed in previous orders. The Court concludes that the Karp deposition should not count toward the limit because, in the deposition excerpts provided by plaintiffs, Ms. Karp's answers were evasive. Contrary to defendants' assertions, the questions asked were not complicated or confusing, and could have been answered "yes" or "no." Finally, based upon the materials submitted by plaintiffs, the Court is not persuaded that Mr. Chai was insufficiently prepared for the Rule 30(b)(6) deposition. Moreover, in any event, plaintiffs are taking the deposition of Mr. Spiegelman, and thus presumably Mr. Spiegelman will be able to answer the questions that Mr. Chai was unable to answer. Accordingly, Mr. Chai's Rule 30(b)(6) deposition counts toward the deposition limit.

Plaintiffs also request leave to take an additional 5 or 8 depositions beyond the 15 deposition limit; these additional depositions include some of the depositions already noticed and discussed *supra*. In addition to the depositions already noticed, it appears that plaintiffs are reserving the right to take the depositions of at least several currently unidentified persons. The Court finds that plaintiffs' letter brief, which simply lists deponents and subject matters, *e.g.,* "research and development (Wolff)," does not sufficiently demonstrate a need to exceed the 15 deposition limit. The Court DENIES plaintiffs' request without prejudice to renewal if plaintiffs make a specific showing of need for the proposed depositions.

Accordingly, plaintiffs shall proceed with the depositions already noticed, subject to the 15 deposition limit. If plaintiffs wish to exceed the 15 deposition limit, they may renew their request to do so after first meeting and conferring with defendants on the specific additional deponents, and if the parties are unable to resolve any disputes, the parties shall file letter briefs directly with Judge Chen.

**IT IS SO ORDERED.**

Dated: September 1, 2006

SUSAN ILLSTON
United States District Judge