LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN (111070)
REED R. KATHREIN (139304)
JEFF D. FRIEDMAN (173886)
JENNIE LEE ANDERSON (203586)
SHANA E. SCARLETT (217895)
DANIEL B. SWERDLIN (243452)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)
patc@lerachlaw.com
reedk@lerachlaw.com
jfriedman@lerachlaw.com
janderson@lerachlaw.com
shanas@lerachlaw.com
dswerdlin@lerachlaw.com
       – and –
WILLIAM S. LERACH (68581)
JOY ANN BULL (138009)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
billl@lerachlaw.com
joyb@lerachlaw.com

Counsel for Lead Plaintiff and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CV THERAPEUTICS, INC. SECURITIES LITIGATION | No. C-03-3709-SI <br><br> CLASS ACTION <br><br> STIPULATION AND [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| This Document Relates To: <br><br> ALL ACTIONS. | |

WHEREAS, a consolidated class action is pending before the Court entitled *In re CV Therapeutics, Inc. Securities Litigation*, No. C-03-3709-SI (the "Litigation"); and

WHEREAS, the Court has received the Stipulation of Settlement dated as of October 16, 2006 (the "Stipulation"), that has been entered into by the Lead Plaintiff and Defendants, and filed on December 8, 2006,

THEREFORE, the Settling Parties, by and through their counsel, hereby stipulate as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation.

2. Pursuant to Federal Rule of Civil Procedure 23(e), the Settling Parties jointly request the Court to enter this order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein.

3. The Settling Parties further jointly request that the Court find that the proposed notice procedures and the schedule of events set forth herein meet the requirements of Federal Rule of Civil Procedure 23 and due process.

IT IS SO STIPULATED.

DATED: December 14, 2006

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
REED R. KATHREIN
JEFF D. FRIEDMAN
JENNIE LEE ANDERSON
SHANA E. SCARLETT
DANIEL B. SWERDLIN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
JOY ANN BULL


                    s/ Joy Ann Bull
                    JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Counsel for Lead Plaintiff and the Class

I, Joy Ann Bull, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order Preliminarily Approving Settlement and Providing for Notice. In compliance with General Order 45, X.B., I hereby attest John C. Tang has concurred in this filing.

DATED: December 14, 2006

LATHAM & WATKINS LLP
PAUL H. DAWES
JOHN C. TANG
MICHELE D. JOHNSON
PETER T. SNOW


                    s/ John C. Tang
                    JOHN C. TANG

140 Scott Drive
Menlo Park, CA 94025
Telephone: 650/328-4600
650/463-2600 (fax)

Attorneys for Defendants

\* \* \*

O R D E R

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on March 9, 2007, at 9:00 a.m., at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.14 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

3. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than January 10, 2007 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Not later than January 11, 2007, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who purchased CV Therapeutics publicly-traded securities between December 30, 2002 and December 5, 2003, shall send the Notice and the Proof of Claim to all beneficial owners of such CV Therapeutics securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

6. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

7. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

STIPULATION AND [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE - C-03-3709-SI - 4 -

8. Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

9. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

10. Any Member of the Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before February 20, 2007, by: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 655 W. Broadway, Suite 1900, San Diego, California 92101; and Latham & Watkins LLP, John C. Tang, 140 Scott Drive, Menlo Park, CA 94025, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, on or before February 20, 2007. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

Case 3:03-cv-03709-SI Document 43-8 Filed 12/18/2006 Page 7 of 11
Case 3:03-cv-03709-SI Document 48 Filed 12/19/2006 Page 7 of 11

1      11.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

12.    All papers in support of the settlement, the Plan of Allocation, and the application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

13.    Neither the Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

14.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

15.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

16.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

17.    In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in

STIPULATION AND [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE - C-03-3709-SI - 6 -

1  such event, all orders entered and releases delivered in connection herewith shall be null and void to
2  the extent provided by and in accordance with the Stipulation.

3      18.    The Court reserves the right to adjourn the date of the Settlement Hearing without
4  further notice to the Members of the Class, and retains jurisdiction to consider all further
5  applications arising out of or connected with the proposed settlement. The Court may approve the
6  settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,
7  without further notice to the Class.

9  DATED: _____         *[signature]*
10                                                         THE HONORABLE SUSAN ILLSTON
                                                        UNITED STATES DISTRICT JUDGE

12  S:\Settlement\CV Therapeutics.set\V1 EA 00037282.doc

STIPULATION AND [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE - C-03-3709-SI     - 7 -

| | |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |
| 2 | I hereby certify that on December 14, 2006, I electronically filed the foregoing with the Clerk |
| 3 | of the Court using the CM/ECF system which will send notification of such filing to the e-mail |
| 4 | addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have |
| 5 | mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF |
| 6 | participants indicated on the attached Manual Notice List. |
| 7 | I further certify that I caused this document to be forwarded to the following designated |
| 8 | Internet site at: http://securities.lerachlaw.com/. |

                                                              s/ Joy Ann Bull
                                                              JOY ANN BULL

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail:JoyB@lerachlaw.com

# Mailing Information for a Case 3:03-cv-03709-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Elizabeth Aida Acevedo**
  eacevedo@kellergrover.com

- **Jennie Lee Anderson**
  jenniea@lerachlaw.com

- **Patrick J. Coughlin**
  patc@lerachlaw.com e_file_sf@lerachlaw.com

- **Paul H. Dawes**
  paul.dawes@lw.com

- **Jeff D Friedman**
  JFriedman@lerachlaw.com

- **Sean M. Handler, Esq**
  ecf_filings@sbclasslaw.com der_filings@sbclasslaw.com

- **Robert A. Jigarjian**
  CAND.USCOURTS@CLASSCOUNSEL.COM

- **Michele D. Johnson**
  Michele.Johnson@lw.com Beverly.Wilkinson@lw.com

- **Reed R. Kathrein**
  reedk@lerachlaw.com e_file_sf@lerachlaw.com;e_file_sd@lerachlaw.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **Darren J. Robbins**

- **Shana Eve Scarlett**
  shanas@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Peter Todd Snow**
  peter.snow@lw.com carmela.ene@lw.com

- **John C. Tang**
  john.tang@lw.com kerry.markus@lw.com

- **Sylvia Wahba**
  sylviaw@milberg.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`