**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CV THERAPEUTICS, INC., SECURITIES LITIGATION, _____/ | No. C 03-3709 SI<br><br>**ORDER GRANTING IN PART MOTION FOR AWARD OF FEES AND EXPENSES** |

On March 9, 2007, plaintiffs' motion for an award of attorneys' fees and expenses came on for hearing. (Docket No. 440). The Court has carefully reviewed plaintiffs' fee submission and supporting documentation, and makes the following findings. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method and further finds that a fee award of 30% of the Settlement Fund[1] is consistent with awards made in similar cases. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000); *Taubenfeld v. Aon Corp.*, 415 F.3d 597, 600 (7th Cir. 2005); Willging, et al., <u>Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules</u>, at 69 (Fed. Judicial Center 1996) (Bull Decl. Ex. 3). The Court hereby awards Lead Counsel attorneys' fees of 30% of the Settlement Fund.

In addition, the Court awards a total of $380,738.38 in expenses, which reflects a deduction of $9,677.95 from the total meal and transportation expenses sought, as well as a deduction of $42,980.51 in costs associated with in-house consultants/investigators.[2] With respect to the meal and transportation

---

[1] All of the capitalized terms in this order shall have the same meanings as set forth in the Stipulation of Settlement dated October 16, 2006 (the "Stipulation").

[2] The Court notes that plaintiffs' documentation of expenses was somewhat general and often did not provide details such as the purpose for the expense.

deduction, the Court notes that plaintiffs' original fee motion requested a total of $39,613.69 for meal and transportation expenses, and the Declaration of Joy Ann Bull listed nine out-of-town trips associated with these costs. *See* Bull Declaration at 5-6. At the March 9, 2007 hearing, the Court requested further documentation regarding these expenses. Plaintiffs then submitted the Supplemental Declaration of Joy Ann Bull, which for the first time stated that a portion of the travel expenses included in-town transportation and meal charges in the amount of $14,274.44, as well as $10,992.75 in staff overtime meal expenses. Plaintiffs have not explained why the original fee application did not contain this information, nor have plaintiffs explained why the original application misleadingly suggested that the total $39,613.69 was incurred solely on out-of-town meals and transportation.

The Supplemental Bull declaration stated that plaintiffs' counsel decided to deduct the $10,992.75 in overtime meal expenses from the application, but that counsel still sought recovery for the in-town transportation and meal expenses. Accordingly, the Court has deducted the amount sought for staff overtime meals.

Because the Supplemental Bull declaration did not contain sufficient detail to enable the Court to engage in a meaningful review of the in-town transportation and meal expenses, the Court directed plaintiffs to file further documentation if they wished to recover these expenses. Plaintiffs then filed a Further Supplemental Declaration of Joy Ann Bull, which provided some additional information regarding some of the in-town transportation and meal costs, such as dates, reason for travel, and amounts spent on transportation, hotel and meals. However, for expenses totaling $2,675.20 there are no "reasons for travel" listed; the Court has deducted this amount because the Court is still unable to meaningfully review those costs.

The Court also deducts $42,980.51 in costs associated with in-house consultants/investigators. *See* Bull Decl. ¶¶ 5-6. Plaintiffs have described these costs as the amounts paid to "economic analysts," "investigators," and "information technology." The Court finds that these costs should be considered part of the firm's overhead expenses because these consultants and investigators are employees of the firm. As such, the Court finds it is not reasonable to reimburse counsel for these costs.

In sum, the Court awards Lead Counsel attorneys' fees of 30% of the Settlement Fund, and $380,738.38 in expenses, together with the interest earned thereon for the same time period and at the

same rate as that earned on the Settlement Fund until paid. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions and obligations of the Stipulation and in particular ¶ 6.2 thereof, which terms, conditions, and obligations are incorporated herein.

Finally, pursuant to 15 U.S.C. § 78u-4(a)(4), the Court awards lead plaintiff David Crossen the amount of $26,000.00 for reimbursement of time and expenses incurred in representing the class.

**IT IS SO ORDERED.**

Dated: April 4, 2007

SUSAN ILLSTON
United States District Judge